FILED
 2015 Aug-10  AM 11:51
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **ANNE ORTEGON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 4:15-CV-477-VEH |
| | ) |
| **MIDLAND FUNDING LLC, and** | ) |
| **MIDLAND CREDIT** | ) |
| **MANAGEMENT, INC.,** | ) |
| | ) |
| **Defendants**. | ) |

## ORDER

Pending before the court is the Joint Stipulation of Dismissal (Doc. 16) (the "Stipulation") signed by the parties and filed on August 7, 2015, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). Consistent with the self-effectuating terms of the parties' Stipulation,[1] this case is **HEREBY DISMISSED WITH PREJUDICE**, costs taxed as paid.[2]

---

[1] *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1278 (11th Cir. 2012) ("[W]e find that the plain language of Rule 41(a)(1)(A)(ii) requires that a stipulation filed pursuant to that subsection is self-executing and dismisses the case upon its becoming effective.").

[2] Despite the self-effectuating legal nature of a Rule 41(a)(1)(A)(ii) stipulation, the clerk's office of this court routinely requires a written order to "administratively close" the case on CM/ECF.

**DONE** and **ORDERED** this 10th day of August, 2015.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge